UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bryan OSSA, et al.,<br><br>　　　　　　　　　Plaintiffs,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A., et al.,<br><br>　　　　　　　　　Defendants. | Case No.: 24-cv-2133-AGS-DTF<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO AMEND COMPLAINT (ECF 35)** |

　　　Plaintiffs Bryan and Kirsten Ossa move to amend their complaint by adding a Fair Credit Reporting Act claim under 15 U.S.C. § 1681e(b). (*See* ECF 35.) Defendant TransUnion, LLC, opposes. (*See* ECF 36.)

　　　Courts grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). Such requests should be permitted with "extreme liberality," *Moss v. United States Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009), and "the party opposing amendment bears the burden of showing prejudice, unfair delay, bad faith, or futility of amendment," *United Steel v. ConocoPhillips Co.*, No. CV 08-2068 PSG (FFMX), 2009 WL 650730, at *2 (C.D. Cal. Mar. 12, 2009). When deciding whether to allow amendment, courts consider the following: (1) "undue prejudice to the opposing party"; (2) "bad faith or dilatory motive on the part of the movant"; (3) "undue delay"; (4) "futility of amendment"; and (5) "repeated failure to cure deficiencies by amendments previously allowed." *Foman v. Davis*, 371 U.S. 178, 182 (1962). TransUnion makes no argument about the amendment's futility (*see* ECF 36), and this would be plaintiffs' first amendment, so the Court focuses on the first three factors.

　　　TransUnion first argues that allowing amendment would "prejudice" it by forcing it to defend "a new set of claims" "with ten weeks left in discovery." (ECF 36, at 4.) But the Ninth Circuit has found that "there is no evidence" of prejudice when, as here, the "case is still at the discovery stage with no trial date pending." *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 188 (9th Cir. 1987). So "there is no evidence that [TransUnion]

would be prejudiced." *See id.*

TransUnion next asserts that plaintiffs' motion is made in "bad faith" because they offer "no explanation as to why they did not allege a §1681e(b) claim in their [initial] Complaint." (ECF 36, at 3.) But, in assessing whether a party engaged in "bad faith," courts require more—such as evidence of "sharp practice" litigation that "seek[s] to add a defendant merely to destroy diversity jurisdiction." *SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1095 (S.D. Cal. 2002). There is no inkling of such gamesmanship here.

Finally, TransUnion accuses plaintiffs of engaging in "[u]ndue [d]elay" by waiting roughly five months before requesting leave to amend the complaint. (ECF 36, at 4.) But the timing here is hardly concerning. Plaintiffs moved to amend with months of discovery remaining. (*See* ECF 49, at 1 (extending the cut-off date for fact discovery to September 3, 2025).) And the requested new cause of action is unlikely to unreasonably expand the scope of discovery, if it expands it at all. This factor also favors amendment. *Cf. Hurn v. Retirement Fund Tr. of Plumbing, Heating & Piping Indus. of S. Cal.*, 648 F.2d 1252 (9th Cir. 1981) (allowing amendment "approximately two years after the original complaint was filed").

As all factors tip in plaintiffs' favor, their motion for leave to amend is **GRANTED**. The amended complaint is due by August 12, 2025.

Dated:  July 15, 2025

_____
Hon. Andrew G. Schopler
United States District Judge